PEDRO QUIÑONES, demandante y apelado, *v.* R. MÉNDEZ & HNO., demandada y apelante. EL MISMO, demandante y apelante, *v.* LA MISMA, demandada y apelada.

Núms. 7986 y 8089.—*Sometidos:* Junio 12, 1940. *Resueltos:* Junio 17, 1940.

*E. H. F. Dottin,* abogado del demandante, apelado y apelante; *Luis Apellániz Storer,* abogado de la demandada, apelante y apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante trabajaba como peón de la sociedad demandada, la cual se dedica, entre otros, al negocio de conducir mercancías entre distintos sitios de la Isla. El 25 de mayo de 1938 un *truck* de la demandada, guiado por Alejandro Méndez, uno de sus socios, se dirigía del pueblo de Loíza a un barrio de Río Grande, sin carga alguna. El demandante iba en dicho *truck* sentado en el asiento delan-

tero al lado del chófer. Al llegar cerca del barrio de Ciénega Baja, en el sitio donde la carretera forma una curva, el *truck* chocó con un árbol y como resultado del choque el demandante sufrió lesiones graves, perdiendo como consecuencia sus dientes superiores.

En la demanda se alega que el accidente fué motivado por la negligencia y descuido del conductor del vehículo al marchar a una velocidad mayor de 40 kilómetros por hora y no haberla reducido al tomar la curva. Se alega además que en la fecha del accidente la demandada era un patrono no asegurado, y que así lo había declarado el Administrador del Fondo del Seguro del Estado.

Contestó la demandada negando específicamente las alegaciones esenciales de la demanda y alegando en contrario "que cualquier lesión que recibiera el demandante se debió exclusivamente a su propio acto descabellado y temerario al tratar de abrir la puerta del camión para saltar afuera de él en el instante mismo en que ocurrió el accidente." Como defensas afirmativas alegó:

1ª. Que en la fecha del accidente la demandada tenía asegurados en el Fondo del Estado los peones que trabajaban en el camión en que fué lesionado el demandante; que este asunto está pendiente ante la Comisión Industrial, por cuya razón la demanda interpuesta es prematura; y que la Corte de Distrito de San Juan carece de jurisdicción para conocer de este caso, de acuerdo con lo que dispone el artículo 20 de la Ley núm. 45 de 18 de abril de 1935 ((1) pág. 251).

2ª. Que en el momento de ocurrir el accidente el *truck* iba vacío; que cerca del sitio donde ocurrió el accidente se desprendió el acelerador del *truck* supliendo al motor una gran cantidad de gasolina; que el chófer no pudo reducir la gasolina por no tener medios para ello, y para evitar un desastre mayor se vió obligado a echar el *truck* contra un árbol; y que si el demandante hubiese permanecido en su sitio nada le hubiera ocurrido.

La Corte de Distrito de San Juan dictó sentencia a favor del demandante y en su opinión declaró probados los siguientes hechos:

Que en el momento del accidente el camión, que iba vacío, era conducido a una velocidad mayor de lo que aconseja una razonable prudencia, y al doblar la curva se desvió, yendo a chocar con el árbol; que la defensa de que el accidente se debió a la rotura de la espiga del acelerador, quedó destruída por la declaración del mecánico que expresó que la espiga pudo haberse roto con el choque; que la descripción del accidente que hace el conductor del *truck,* para imputar negligencia concurrente al demandante, aun de ser cierta no libraría de responsabilidad à la demandada.

La sentencia concede al demandante una indemnización de $400, costas y $100 para honorarios de su abogado. Ambas partes han apelado.

La demandada apelante alega que la corte sentenciadora erró al declarar que el accidente se debió a la culpa y negligencia de dicha demandada; al declarar que al tiempo de acaecer el accidente la demandada no tenía asegurado al demandante en el Fondo del Seguro del Estado; y al tasar en $400 las lesiones recibidas por el demandante.

El demandante ha apelado porque considera que la suma de $400 que se le ha concedido no es suficiente.

La primera cuestión que debemos considerar y resolver es la de si en el momento de ocurrir el accidente, el obrero lesionado estaba asegurado por su patrono en el Fondo del Estado.

El demandante alegó que R. Méndez & Hno. era un patrono no asegurado y declarado como tal por el Administrador del Fondo. Y para sostenerlo ofreció el testimonio del demandante, quien declaró:

"P. ¿Usted ha recibido algo del Fondo del Estado?

"R. $6.25 y después $4.50. Por todo recibí $11.25 y las otras dietas no me las dieron porque no estaba asegurado el patrono."

El demandante presentó además una certificación de la resolución dictada por el Administrador del Fondo del Seguro del Estado en el caso del peticionario Pedro Quiño-

nes, patrono R. Méndez & Hno. Dicha resolución en lo que es pertinente lee así:

"El accidente le ocurrió al obrero en un *truck* que se dedicaba al transporte de caña mediante paga, por lo que no estaba este negocio cubierto por la póliza del patrono. En tal virtud, el Administrador del Fondo del Seguro del Estado considera que se trata aquí de un patrono no asegurado en violación de la ley y dispone que el expediente de este caso sea llevado a la Hon. Comisión Industrial para el trámite consiguiente."

En oposición a lo alegado y probado por el demandante, la demandada alegó que en el momento del accidente ella tenía asegurados a los peones que trabajaban en el *truck;* y que la reclamación del demandante ante la Comisión está pendiente de señalamiento para ser vista. El Jefe de la División de Seguro declaró que R. Méndez & Hno. tenía un seguro que cubría los siguientes riesgos: 0006, negocio de vaquería; 7380, el *truck* comercial; y el 8006, negocio de provisiones; que el riesgo del *truck* comercial es un seguro de un *truck* comercial privado y "que con ese seguro ellos no pueden transportar otra carga que no sea la carga del nego· cio de ellos." Del récord no consta que contra la resolución del Administrador del Fondo se haya interpuesto recurso alguno ante la Comisión Industrial. La alegación del demandado de que el asunto está aún pendiente ante la Comisión Industrial no ha sido sostenida por prueba alguna, y por tanto, debemos considerar como firme y definitiva la resolución del Administrador.

Siendo R. Méndez & Hno. un patrono no asegurado, el obrero lesionado tenía derecho de acuerdo con la sección 15 de la Ley de Compensaciones por Accidentes del Trabajo (Leyes de 1935, págs. 253) a proceder contra el patrono radicando una petición para compensación ante la Comisión Industrial, pudiendo además ejercitar una acción contra el patrono por daños y perjuicios. Si el fallo de la corte en la acción de daños y perjuicios fuere mayor que la cantidad actualmente pagada por el Fondo del Estado como compensación, ésta se deducirá del importe de la sentencia.

■ La evidencia presentada por el demandante para sostener la alegación de negligencia ha merecido entero crédito a la corte sentenciadora. Siendo esa evidencia a nuestro juicio suficiente para sostener dicha alegación y no apareciendo que el tribunal inferior haya cometido error manifiesto o que su apreciación de la prueba esté viciada por la pasión, el prejuicio o la parcialidad, es nuestro deber respetar su fallo.

■ La suma de $400 concedida por la corte inferior nos parece razonable. Esa cantidad no fué fijada arbitrariamente. El demandante presentó prueba tendiente a demostrar que las lesiones por él recibidas le habían producido la casi incapacidad total y que se encontraba sufriendo de amnesia o pérdida de la memoria. La corte inferior que tuvo una oportunidad de ver al demandante y de oírle declarar, hizo constar en su opinión lo siguiente:

"Yo vi declarar al demandante; expresa sus pensamientos con precisión; sus facultades de retención están intactas y su recuerdo claro y conciso. No pude apreciar el estado de casi incapacidad total que me manifestara el médico, ni tampoco la amnesia o pérdida de mente que apreciara el mismo en su examen."

*En tal virtud procede desestimar ambos recursos y confirmar la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.