CÁNDIDO M. DÍAZ MEDINA y OTROS, demandantes y recurrentes, *v.* SANTIAGO DEL TORO y/o SANTIAGO DEL TORO, INC. y/o SANTIAGO DEL TORO h/n/c DEL TORO PLUMBING y ASEGURADORA DESCONOCIDA, demandados y recurridos.

*Número:* R-80-83        *Resuelto:* 30 de junio de 1980

*Mario Quintero Nadal,* abogado de los recurrentes; *Erik J. Ramírez Nazario,* abogado de los recurridos.

PER CURIAM: El obrero Cándido M. Díaz Soto falleció como consecuencia de un accidente ocurrido el 20 de marzo de 1978 mientras cavaba una zanja para la construcción de un sistema de acueductos y alcantarillados. Era empleado de los demandados-recurridos ("Del Toro"), con quienes había contratado Residencial Kofresí, Inc. ("Kofresí") la realiza-

ción de la referida obra como parte de una urbanización a su cargo.

Kofresí había obtenido una póliza el 28 de febrero de 1978 del Fondo del Seguro del Estado para la "construcción de facilidades de urbanización Sierra Linda". El costo declarado de la obra fue de noventa y ocho mil dólares.

El 2 de marzo de 1978 Kofresí subcontrató con Del Toro la construcción por éste de los sistemas de agua, alcantarillado sanitario exterior y alcantarillado pluvial. Kofresí se comprometió a satisfacer a Del Toro la suma de ciento ochenta y cinco mil dólares por esta labor, a la par que se obligó a entregarle las calles y los solares en rasantes finales, listos para la excavación. Las partes acordaron que Del Toro pagaría la póliza correspondiente del Fondo del Seguro del Estado. Del Toro no obtuvo la póliza.

Al acaecer la muerte del obrero, Del Toro notificó al Fondo que el difunto era empleado de Kofresí al momento de su fallecimiento. El Administrador del Fondo reconoció a la viuda dependiente del obrero una compensación mensual.

Otros parientes del obrero demandaron posteriormente a Del Toro por la alegada negligencia del patrono no asegurado. Del Toro interpuso moción de desestimación en la que reclamó la inmunidad correspondiente a Kofresí. El tribunal de instancia desestimó la acción. Dictamos orden de mostrar causa por la cual no debe revocarse esta resolución.

La parte recurrida argumenta que procede la desestimación por los fundamentos enunciados en *Lugo Sánchez* v. *A.F.F.*, 105 D.P.R. 861 (1977) y *Vda. de Costas* v. *P.R. Olefins*, 107 D.P.R. 782 (1978). El caso de autos envuelve, no obstante, hechos y cuestiones diferentes a las planteadas en estos dos casos. En *Lugo Sánchez* y *Vda. de Costas,* a quien el obrero del patrono real demandó fue al patrono principal o estatutario en calidad de tercero y existía un seguro que cubría al trabajador. Aquí se demanda sobre otra base al

patrono real no asegurado y no está claro si el seguro del patrono estatutario cobija al obrero.

El Art. 15 de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935 (11 L.P.R.A. sec. 16) dispone en parte:

En el caso de que ocurriere un accidente a un obrero o empleado cuando trabajare para un patrono que en violación de la ley no estuviere asegurado, el Administrador del Fondo del Seguro del Estado determinará la compensación que proceda . . . .

Si cualquier patrono de los comprendidos en este Capítulo[1] dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con este Capítulo, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si este Capítulo no fuera aplicable. . . .

En su moción de desestimación, Del Toro acepta su condición de patrono no asegurado. En ausencia de otras consideraciones, por tanto, existe la dualidad de remedios a que alude el Art. 15 citado. *Vélez Sánchez* v. *Comisión Industrial,* 107 D.P.R. 797 (1978).

A pesar de que Del Toro incumplió su obligación contractual con Kofresí de asegurar a sus propios trabajadores, el patrono real argumenta que le ampara la inmunidad del patrono estatutario. La dificultad de este caso estriba en que existe, al menos, grave duda de si Kofresí, el patrono estatutario, aseguró al causante de los recurrentes. Aun puede afirmarse que los hechos del caso crean una fuerte inferencia de que la póliza obtenida por Kofresí no cubría los trabajos realizados por los empleados del patrono real, Del Toro. Obsérvese la cuantía de la póliza y su fecha. Recuérdese la cláusula del contrato entre Kofresí y Del Toro, en que aquél

---

[1] El Art. 2 de la ley, 11 L.P.R.A. sec. 2, provee que "Este [c]apítulo será aplicable a todo patrono que emplee uno (1) o más obreros . . . comprendidos en el mismo, cualquiera que sea su salario . . .".

le impone a éste la obligación de asegurar a sus propios empleados. El Art. 20 de la ley, 11 L.P.R.A. sec. 21, provee en parte:

Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono, aun en aquellos casos en que se haya otorgado el máximo de las compensaciones o beneficios de acuerdo con el mismo. . . .

En este caso no resulta claro que patrono alguno haya asegurado al obrero fallecido, por lo que el Art. 20 citado, en ausencia de mayor información, no podría surtir efecto.

En tales circunstancias no procede la desestimación, sino la continuación del litigio para hacer determinaciones sobre estos hechos en controversia y aplicar el derecho que corresponda.

*Se expedirá el auto, se revocará la resolución recurrida y se devolverá el caso a instancia para procedimientos ulteriores consistentes con esta opinión.*