# 2002 DTA 134

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA-MAYAGUEZ**
**PANEL I**

MONSERRATE CONCEPCION CACERES
Demandante

v.

EMPRESAS PUERTORRIQUEÑAS DE DESARROLLO, INC. y
A/C MECHANICAL SERVICES CORPORATION
Demandados-Apelantes

v.

OSCAR L. RAMOS MELENDEZ, EN SU CARACTER DE ADMINISTRADOR
DE LA CORPORACION DEL FONDO DEL SEGURO DEL ESTADO
Interventor-Apelado

Núm. KLAN-02-00507

San Juan, Puerto Rico, a 29 de agosto de 2002

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

A/C Mechanical Services Corp. apela ante nos la Sentencia Sumaria Parcial emitida el 11 de marzo de 2002 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. En síntesis, alega que el foro *a quo* erró al aplicar el Art. 15 (ahora Art. 13) de la Ley del Sistema de Compensaciones sobre Accidentes del Trabajo y no el Art. 31 de dicha ley, 11 L.P.R.A. §§ 16 y 32, concediéndole así a la interventora, la Corporación del Fondo del Seguro del Estado (CFSE), el reembolso de los beneficios adjudicados a los herederos de Víctor Zapata Lugo, obrero fallecido durante un accidente del trabajo. Además, alega prescripción en la reclamación de la

interventora.

Con el beneficio de la comparecencia de la interventora, CFSE, procedemos a resolver, exponiendo inicialmente un breve trasfondo fáctico del caso.

## I

Se desprende de los autos del caso que el 21 de junio de 1996, falleció Víctor Zapata Lugo mientras realizaba labores de instalación de aires acondicionados en el Centro Comercial Mayagüez Mall. A dicha fecha, el finado era empleado de José A. Cruz Marrero, quien fue declarado patrono no asegurado por la CFSE el 21 de agosto de 1997. A/C Mechanical Services era el contratista independiente a cargo de la obra y Empresas Puertorriqueñas de Desarrollo, Inc., era el dueño de la obra en construcción. Ambos patronos estatutarios fueron declarados patronos no asegurados.

Monserrate Concepción Cáceres, viuda del obrero fallecido, instó, el 19 de mayo de 1997, Demanda en daños y perjuicios contra Empresas Puertorriqueñas de Desarrollo, Inc., Mayagüez Mall y A/C Mechanical Services Corp.. Posteriormente, el 17 de marzo de 1998, enmendó la Demanda a los fines de incluir como co-demandados al Sr. José Cruz Marrero, su esposa y la Sociedad Legal de Gananciales por ellos compuesta.

El 18 de junio de 1997, la CFSE concedió a la viuda de Zapata Lugo y la hija menor de éste, los beneficios como dependientes de un obrero fallecido por accidente en el trabajo. Debido a que Cruz Marrero no aceptó la condición de patrono no asegurado, el 5 de septiembre de 1997, la CFSE refirió el expediente del caso ante la Comisión Industrial. Ante dicho foro, el 8 de diciembre de 1997, la viuda complementó la *"Petición de Compensación"*. El 18 de diciembre de 1997, la Comisión Industrial emitió Resolución sobre Patrono No Asegurado en la cual concedió veinte (20) días a éste para que presentara cualquier alegación relacionada al caso o de lo contrario la Comisión señalaría vista pública. No se desprende proceder posterior a esta Resolución por parte de la Comisión Industrial.

Durante conferencia con antelación al juicio de 23 de febrero de 1999, el TPI ordenó se le notificara la minuta levantada dicho día a la CFSE y a su vez, solicitó de ésta que presentara su posición en torno al caso. Así las cosas, el 26 de abril de 1999, la CFSE presentó Solicitud de Intervención con el propósito de cobrar lo pagado a los familiares del obrero fallecido.

El 12 de mayo de 1999, el TPI emitió Resolución denegando solicitud de sentencia sumaria presentada por A/C Mechanical y Empresas Puertorriqueñas. Sostuvo el Tribunal que existían controversias en cuanto a hechos esenciales, en específico, sobre la vigencia de la póliza del Fondo del Seguro del Estado. En la Resolución, el tribunal de instancia estableció como hechos fuera de controversia la relación contractual entre Empresas Puertorriqueñas, A/C Mechanical, José Cruz Marrero y el obrero fallecido. Dicha Resolución no fue recurrida por ninguna de las partes, por lo cual, a través de ésta, se estableció la relación jurídica entre las partes, entiéndase patrono directo, Cruz Marrero, patronos estatutarios, A/C Mechanical y Empresas Puertorriqueñas y el obrero, Zapata Lugo.

El 2 de febrero de 2000, la controversia quedó trabada sólo entre la CFSE y los patronos co-demandados, ya que los familiares del obrero fallecido desistieron con perjuicio de su causa de acción contra los patronos co-demandados. Así las cosas, la CFSE presentó solicitud de sentencia sumaria el 13 de diciembre de 2001. Atendida la misma, el TPI emitió la Sentencia apelada.

## II

En primer lugar, debemos determinar si la acción en el caso de autos está o no prescrita. Posteriormente, y en caso de concluir que la acción no está prescrita, debemos considerar si procede o no el reembolso de los beneficios otorgados a los dependientes del obrero fallecido en el trabajo.

La parte apelante aduce que la Solicitud de Intervención presentada por la CFSE fue presentada fuera de tiempo a tenor con el Art. 31, *supra*. La apelada plantea que el articulado aplicable en torno a los derechos de la CFSE y la prescripción en el caso de marras, es el anterior Art.15, ahora enumerado como el Art.13, 11 L.P.R. A. § 16.

El Art. 31, *supra*, dispone en lo pertinente que:

*"En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubieren provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción...."*.

El Tribunal Supremo concluyó en *Martínez Rodríguez v. Bristol Myers*, **99 J.T.S. 5**, en la pág. 485, que:

*"Así pues, el término de un año para reclamar en daños y perjuicios **contra un tercero responsable del accidente** comienza a transcurrir desde el momento en que adquiere firmeza la resolución final del caso dictada por el Administrador del Fondo. Sin embargo, en Vega Lozada v. J. Pérez & Cía, Inc. y otros, Opinión y Sentencia de 11 de abril de 1994, **94 J.T.S. 56**, resolvimos que "el término prescriptivo para ejercitar la acción de daños y perjuicios en casos [de patronos no asegurados] comienza a transcurrir **desde la fecha en que el Fondo notifique que el patrono no está asegurado**."* (Énfasis en el original, subrayado nuestro).

Nuestro más alto foro judicial ha interpretado que el Art. 31, *supra*, sólo aplica en aquellos casos en que no existe nexo jurídico entre el patrono directo o estatutario y el causante del daño sufrido por el obrero. *Martínez Rodríguez v. Bristol Myers, supra*. Así pues, dicho articulado sólo aplica a terceros extraños y ajenos al obrero que le causen daños mientras éstos trabajan.

De otra parte, el Art. 13, *supra*, pertinente a la controversia de marras, establece que en los casos en que el patrono no estuviere asegurado, el Administrador del Fondo del Seguro del Estado determinará la compensación correspondiente a los beneficiarios y los gastos del caso para cobrárselos al patrono no asegurado. Asimismo establece que el obrero lesionado o sus beneficiarios pueden solicitar compensación a través de la Comisión Industrial y también demandar en daños y perjuicios al patrono no asegurado. No obstante, es indispensable que se le notifique, mediante correo certificado, al Administrador del Fondo del Seguro del Estado de la acción civil. En específico dispone la ley que *"[u]na vez radicado el caso, el tribunal requerirá evidencia de que el Administrador ha sido notificado. De no haberse cumplido dicho requisito, el tribunal dará quince (15) días al demandante para así hacerlo. Si pasado dicho período no se hubiere presentado la evidencia, se desestimará el pleito."* 11 L.P.R.A. § 16. Finalmente, dicho articulado establece que cuando exista controversia entre el patrono y el Administrador del Fondo del Seguro, en cuanto al *status* patronal, si patrono asegurado o no, y el patrono no acepta la determinación de la CFSE, el caso debe ser elevado ante la Comisión Industrial para la adjudicación final. Este artículo aplica tanto en los casos de patronos directos como patronos estatutarios que han incumplido son su deber de pagar el seguro patronal a la CFSE.

El patrono directo es aquél con el cual el obrero pactó ofrecer sus servicios. De otra parte, el patrono estatutario es aquél que contrata los servicios del primero o su compañía, y por tanto, los de sus empleados. El patrono estatutario tiene la obligación de asegurar a los trabajadores de la compañía cuyos servicios contrató en casos de que ésta no lo haya hecho. *Martínez Rodríguez v. Bristol Myers, supra*; *Colón Santiago v. Comisión Industrial*, 97 D.P.R. 208 (1969).

Cuando el patrono, directo o estatutario, deja de cumplir con su obligación de pagar la correspondiente póliza de seguro ante la CFSE, el patrono accidentado o sus herederos en el caso de muerte, tienen las alternativas de: (1) presentar una petición de compensación ante la Comisión Industrial, igual que si el patrono estuviera asegurado, y (2) presentar una acción civil judicial por los daños y perjuicios sufridos. *Martínez Rodríguez v. Bristol Myers, supra; Medina v. Santiago del Toro,* 110 D.P.R. 139 (1980); *Vélez Sánchez v. Comisión Industrial,* 107 D.P.R. 797 (1978); *Quiñones v. R. Méndez & Hnos.,* 57 D.P.R. 103 (1940). Ambas acciones no son excluyentes, sino que pueden entenderse como complementarias. En los casos en que el obrero lesionado o sus causahabientes decidan ejercer su derecho de compensación en daños y perjuicios ante los tribunales de justicia, tendrán el mismo término y condiciones que las prescritas en nuestro ordenamiento para el Art. 1802 del Código Civil, 31 L.P.R.A. § 5141. De la sentencia que recaiga contra el patrono, el Administrador del Fondo del Seguro del Estado recobrará los gastos incurridos por dicha entidad.

A la luz de las determinaciones previas realizadas por el foro de instancia y de los autos del caso, la relación entre los co-demandados del caso, A/C Mechanical y Empresas Puertorriqueñas con el obrero fallecido, era una de patrono estatutario y no de terceros ajenos. Por ello, es de aplicación aquella parte de la legislación y jurisprudencia atinente a dicho tipo de relación. Así pues, la aplicación del Art. 31, *supra,* a los hechos de marras, como sugiere el apelante, no es posible.

Es un hecho incontrovertido que al momento del accidente ninguno de los patronos, ni los patronos estatutarios, ni el patrono directo del finado, poseían vigente la póliza de seguro del Fondo del Seguro de Estado. La determinación sobre patrono no asegurado en cuanto a Cruz Marrero fue notificada por la CSFE el día 29 de agosto de 1997. Debido a que éste no aceptó dicho *status* patronal, el caso pasó a la Comisión Industrial donde la viuda presentó su petición de compensación. La Comisión Industrial no emitió una determinación final, alegadamente porque José Cruz Marrero, patrono directo, presentó ante la Corte de Quiebras para el Distrito de Puerto Rico una Solicitud de Quiebras el día 22 de mayo de 1998. Independientemente de ello, la jurisprudencia ha establecido que no es indispensable, ni siquiera constituye un requisito previo, que exista una determinación final del foro administrativo sobre patrono no asegurado, para que el obrero o sus beneficiarios puedan instar la acción civil de daños y perjuicios. *Marrero Cancel v. Caribbean Hospital Corp.,* **2002 J.T.S. 35,** en la pág. 813; *Vélez Sánchez v. Comisión Industrial,* 107 D.P.R. 797 (1978). Sin embargo, la Ley claramente establece que sí es necesario la notificación de la presentación de la acción civil al Administrador del Fondo. 11 L.P.R.A § 16.

El legislador enmendó el anterior Art. 15 de la Ley, hoy Art. 13, a través de la Ley Núm. 20 de 18 de mayo de 1987, con el propósito de establecer el requisito de notificación, tal cual fue sugerido por el Honorable Tribunal Supremo en *Vélez Sánchez v. Comisión Industrial,* 107 D.P.R. 797, 803 (1978). En aquella ocasión, nuestro más alto foro judicial expresó la necesidad de enmendar la Ley para establecer el requisito de notificación al Administrador del Fondo del Seguro del Estado en los casos de reclamaciones judiciales contra patronos no asegurados.

La intervención de la CFSE en el presente caso, ocurre a petición y llamado del Tribunal. Es éste quien a través de la notificación de una Minuta ordenó a la CFSE exponer su posición en cuanto a la reclamación instada, luego de veintiún (21) meses de haberse presentado la Demanda. La CFSE alega que el término prescriptivo de un año para presentar la reclamación judicial por daños y perjuicios sólo aplica al obrero o sus beneficiarios. Aduce que el Art. 13, *supra,* no establece un término fatal para que ésta inste su reclamación contra el patrono no asegurado y que por ello, debe entenderse que goza de un termino de quince (15) años. Nos parece errada su interpretación de la Ley. En ninguno momento, nuestra jurisprudencia, ni legislación, ha hablado de un término tan extenso para reclamar el reembolso en los casos de compensaciones por accidentes del trabajo. Más bien, el término establecido se caracteriza por su brevedad, entiéndase de un año para instar la acción de daños y perjuicios.

Debemos pues, a la luz de los fundamentos antes expuestos, concluir que los demandantes erraron al no notificar al Administrador del Fondo del Seguro del Estado de la causa de acción conforme dispone el Art. 13, *supra*, es decir, al momento de instar su reclamación judicial. Igualmente, erró el TPI al no requerir evidencia de tal notificación al momento de recibir la Demanda y ordenar dicha notificación al cabo de un año y nueve meses luego de presentarse la Demanda original. ▇ Una aplicación estricta de la Ley, hubiese requerido desestimar la Demanda por haberse incumplido con un requisito indispensable para la adecuada presentación del recurso judicial. Aún así, el foro de instancia dio curso a la tramitación del caso, obviando dicho requisito.

La solicitud de intervención de la CFSE estaba fuera de término, no importa cuál articulado de la Ley se utilice. Más aún, la alegación argüida ante este foro, de que por no haber una determinación final por parte de la Comisión Industrial no ha comenzado a correr el término prescriptivo, no tiene espacio dentro de este esquema de hechos. La beneficiaria del obrero fallecido por el accidente en el trabajo interrumpió cualquier término prescriptivo al interponer su reclamación judicial. Así ejerció su derecho a reclamar los daños al patrono no asegurado, pero en orden de obtener ello, era necesario notificar oportunamente al Administrador del Fondo del Seguro del Estado y que éste compareciera dentro del término dispuesto por la Ley.

### III

Por los fundamentos antes expuestos, se revocá la Sentencia apelada de 11 de marzo de 2002.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2002 DTA 134**

**1.** La demanda original fue presentada el 19 de mayo de 1997 y la Orden del Tribunal decretando la notificación del caso a la CFSE fue el 23 de febrero de 1999.